UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IRA L. FOREMAN,

Plaintiff,

v.

SEARS, et al.,

Defendants.

CASE NO. 3:26-CV-6276-KKE-DWC

ORDER DECLINING SERVICE OF COMPLAINT

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Ira L. Foreman, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has stated a claim upon which relief can be granted as to Plaintiff's failure to protect, excessive force, and deliberate indifference to a serious medical need claims. The Court finds Plaintiff has not, however, stated a claim upon which relief can be granted as to his retaliation claim. The Court provides Plaintiff leave to file an amended complaint by January 4, 2027, to cure the deficiencies identified herein.

## I. Background

In 2024, Plaintiff was incarcerated at the Stafford Creek Corrections Center ("SCCC") in Aberdeen, Washington. *See* Dkt. 6 at 1-5. Plaintiff was transferred to the Washington State Penitentiary in Walla Walla, Washington, following the events alleged in the Complaint. *See id.*

In the Complaint, Plaintiff raises five claims against Defendants for events that took place between 2023 and 2024. *Id.* at 6-21. First, Plaintiff alleges Defendants Sears, Butz, and the Washington State Department of Corrections ("DOC") violated the First Amendment by retaliating against him after he filed a grievance against Defendant Sears in November 2023. *Id.* at 6-7. Second, Plaintiff asserts Defendants Sears, Butz, Broten, Hull, Amendola, Granato, Trindle, Fuentes, Fenn, Jones, and the DOC failed to protect him by placing an inmate from the Sureños gang in his cell, resulting in an altercation. *Id.* at 11-13. Third, Plaintiff alleges Defendants Sears and Broten violated the Eighth Amendment by using excessive force against him. *Id.* at 12, 14-15. Fourth, Plaintiff claims Defendant Sears violated the Eighth Amendment by being deliberately indifferent to Plaintiff's serious medical needs. *Id.* at 4. Fifth, Plaintiff alleges defendants Bennett, Sears, Butz, Hull, Broten, Amendola, Granato, Trindle, Fuentes, Fenn, Jones, and the DOC violated the Eighth Amendment by failing to protect him. *Id.* at 17-21. Plaintiff requests monetary relief. *Id.* at 22.[1]

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

---

[1] The Court observes that Counts II and V of the Complaint are duplicative as both counts are based on the same allegations. *See* Dkt. 6 at 11-13, 17-21, 23. The only difference is the named defendants in each count. *See id.*

complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under the color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is, therefore, to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone but must instead allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).

A. *Improper Defendants*

1. State Defendants

"States or governmental entities that are considered 'arms of the State'" are not persons for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71, 109 S. Ct.

2304, 105 L. Ed. 2d 45 (1989). Individuals acting in their official capacity are similarly not persons under § 1983 because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Id.* at 71. In other words, "a suit against a state official in his official capacity is no different from a suit against the State itself." *Doe v. Lawrence Livermore Nat. Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997) (citing *Will*, 491 U.S. at 71).

Here, Plaintiff is bringing an action for monetary relief against DOC, SCCC,[2] and Defendants Bennett, Sears, Butz, Broten, Hull, Amendola, Granato, Trindle, Fuentes, and Jones, both in their individual and official capacities. Dkt. 6 at 1, 22-23. As DOC and SCCC are state entities, Plaintiff cannot maintain a § 1983 action for monetary relief against either entity. *Will*, 491 U.S. at 70-71. Plaintiff can similarly not maintain a § 1983 action against Defendants Bennett, Sears, Butz, Broten, Hull, Amendola, Granato, Trindle, Fuentes, and Jones in their official capacities. *Id.* There is no evidence the state of Washington has waived its Eleventh Amendment immunity in federal courts.

Therefore, Plaintiff has failed to state a claim upon which relief can be granted as to the DOC, SCCC, and Defendants Sears, Butz, Broten, Hull, Amendola, Granato, Trindle, Fuentes, and Jones in their official capacities.

2. <u>Defendant Bennett & Jones</u>

Plaintiff alleges Defendant Bennett, the Superintendent at SCCC, and Defendant Jones, a Correctional Unit Supervisor at SCCC, among others, violated the Eighth Amendment by failing to protect Plaintiff. *Id.* at 17-21. Plaintiff does not, however, allege facts demonstrating

[2] Plaintiff names SCCC as a defendant in the caption of the Complaint but does not include any allegations against SCCC in the body of the Complaint. Dkt. 6 at 1-23. Even if Plaintiff did include sufficient allegations implicating SCCC, his claims for monetary relief against SCCC would fail. *Will*, 491 U.S. at 70-71.

Defendant Bennett nor Defendant Jones personally participated in any alleged violation. *Id.*; *Leer*, 844 F.2d at 633 (explaining that a plaintiff must allege facts showing a defendant engaged in "'an affirmative act, participate[d] in another's affirmative acts, or omit[ted] to perform an act which he [was] legally required to do that *causes* the deprivation of which [the plaintiff complains].'" (quoting *Johnson*, 588 F.2d at 743) (last alteration in the original)). Moreover, to the extent Plaintiff is claiming Defendants Bennett or Jones are liable because of the actions of other employees, Plaintiff's claim fails. *Harris*, 489 U.S. at 385-90 (explaining that vicarious liability cannot be the basis for a § 1983 action).

Therefore, Plaintiff has failed to state a claim upon which relief can be granted against Defendants Bennett and Jones in their personal capacities.

B. *First Amendment Retaliation Claim*

Plaintiff alleges Defendant Sears and Butz retaliated against him after he filed a grievance against Defendant Sears on November 18, 2023. Dkt. 6 at 6. Defendant Butz later informed Plaintiff in December 2023 all grievances went to him, which Plaintiff asserts Defendant Butz did to discourage him from filing future grievances. *Id.* at 7.

On January 6, 2024, Defendant Sears and Butz placed an inmate in Plaintiff's cell who was allegedly a member of the Sureños gang. *Id.* at 7-8.[3] Ultimately, the inmate assaulted Plaintiff while Defendants Sears, Butz, Hull, Broten, Amendola, Granato, Trindle, Fuentes, and Fenn allegedly watched and did nothing. *See id.* at 8, 13. Defendant Broten eventually entered the cell and sprayed Plaintiff with pepper spray and exited afterward. *Id.* at 12. About five minutes later, Defendant Sears and other unnamed corrections officers entered Plaintiff's cell

[3] When placing the inmate in Plaintiff's cell, Defendant Butz specifically said, "I am putting this Sureño in your cell[,] now deal with it[. T]hat is what is going on for right now[,] and you two handle it any way you" have to. Dkt. 6 at 7-8.

and restrained Plaintiff. *Id.* An unnamed officer sprayed Plaintiff with pepper spray, slammed him on the floor, and put him into handcuffs. *Id.* at 8. Defendant Sears then sat Plaintiff up, sprayed him with pepper spray in his eyes, in his mouth, and on the back of his head. *Id.* at 8. Defendant Sears also struck Plaintiff with the pepper spray can. *Id.*

Plaintiff was transported to the Intensive Management Unit ("IMU") and was released back into the general population the next day. *Id.* at 9-10. Defendant Sears objected to Plaintiff being released and told Plaintiff, "I'll get you Foreman[,] this isn't over." *Id.* at 21.

To prevail on a retaliation claim, a plaintiff must allege and prove: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). "Mere speculation that defendants acted out of retaliation is not sufficient." *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).

Here, Plaintiff does not sufficiently show Defendant Sears or Defendant Butz acted with retaliatory intent because of Plaintiff's protected conduct, *i.e.*, the grievance filed against Defendant Sears. "[P]risoners have a First Amendment right to file prison grievances." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citations and quotations omitted). Plaintiff does not, however, allege facts showing his protected conduct was "the substantial or motivating factor behind the defendant's conduct." *Id.* at 1271. For example, Plaintiff asserts that after he filed his grievance against Defendant Sears, Defendant Butz told Plaintiff he received all grievances. Dkt. 6 at 7. Plaintiff maintains Defendant Butz did so to intimidate Plaintiff. *Id.* As stated above, conclusory allegations and "[m]ere speculation that defendants acted out of retaliation [are] not sufficient." *Wood*, 753 F.3d at 905.

Based on the allegations in the Complaint, it appears Plaintiff relies on the fact the events of January 6, 2024, occurred a month and a half after he filed his grievance against Defendant Sears as evidence to support retaliation. *See* Dkt. 6 at 6-10. "[S]uspect timing, without more, is not enough to show retaliatory intent." *Merrick v. Shinn*, 2024 WL 1209952, at *6 (D. Ariz. Mar. 21, 2024) (citing *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (finding that timing alone is insufficient to establish retaliatory motive)).

Therefore, Plaintiff has failed to state a First Amendment retaliation claim against Defendants Sears and Butz.

## III. Conclusion

The Court finds Plaintiff has stated a claim upon which relief can be granted as to his: (1) failure to protect claim against Defendants Sears, Butz, Hull, Broten, Amendola, Granato, Trindle, and Fuentes; (2) excessive force claim against Defendants Sears and Broten; and (3) deliberate indifference to a serious medical need claim against Defendant Sears.[4]

Because of the deficiencies identified above, the Court declines to direct Plaintiff's complaint be served on Defendants. Plaintiff is granted leave to file an amended complaint curing the noted deficiencies on or before January 4, 2027. Plaintiff must ensure the amended complaint carries the same case number as his original complaint. If Plaintiff fails to timely respond to this Order, the Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is advised that an amended pleading operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing H*al Roach*

[4] Plaintiff names the other escorting officers as defendants in Count IV of the Complaint, Dkt. 6 at 16-17. But, that is not sufficient to identify defendants for a § 1983 action. If Plaintiff wishes to pursue his claim for deliberate indifference to a serious medical need against other defendants, Plaintiff must name or provide information sufficiently identifying other potential defendants.

*Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any amended complaint must clearly identify each intended Defendant, the constitutional claim(s) asserted against each Defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested. As the amended complaint is a complete substitute for the original complaint, the amended complaint must re-allege the excessive force, failure to protect, and deliberate indifference to a serious medical need claims. Further, attachments to an amended complaint will not be considered in analyzing whether the amended complaint states a claim.

The Clerk is directed to send Plaintiff the appropriate forms so that Plaintiff may file an amended complaint.

Dated this 20th day of November, 2026.

David W. Christel
United States Magistrate Judge